STONE, J.
Claiming revocation was based solely on hearsay, Tiffany Gaines appeals a final order revoking her community control and imposing a sentence of seventy-six months in prison. We affirm.
Gaines’ probation officer filed an affidavit of violation, noting nine separate dates that Gaines allegedly failed to remain confined to her residence, the Women in Distress center. In support of these absences, the state presented admissible hearsay, in the form of the center’s sign-out logs redacted to protect the confidentiality of other shelter residents. The probation officer’s direct testimony was that Gaines was absent without consent each time. On the stand, Gaines admitted that she had signed out of the center two[1] of the nine times, although she denied that the other logged absences were hers.
Hearsay is admissible in a revocation hearing but cannot be the sole basis. E.C. v. State, 675 So.2d 192, 193 (Fla. 4th DCA 1996). Here, we have Gaines’ admissions to support the probation officer’s testimony.
TAYLOR, J. and COLBATH, JEFFREY, Associate Judge, concur.

. We do not consider another incident explained by a visit to an emergency room.